[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, IBM, has filed a Motion to Compel, Motion for CT Page 7143 Protective Order and Motion for Sanction and costs for failure to comply with discovery.
IBM claims that when the plaintiff presented for a medical exam by William J. Morgan, M.D., he asked her a question to which her counsel objected and told her not to answer. The doctor was retained by IBM to conduct an exam on its behalf. The question asked was: "Tell me when your problems began."
Attorney Shafner objected to the question because he claimed the defendant would use this information to oppose plaintiff's claims on statute of limitation grounds. Because of the plaintiff's refusal to answer, IBM claims the doctor could not conduct his exam and ended the examination. They now demand sanctions, a new exam at the doctor's office in Worcester, Massachusetts, and costs.
The plaintiff claims the question was improper and unnecessary in that the defendants had been supplied with all of the plaintiff's medical records and history. The doctor's excuse for asking the question was that he had not yet read the medical records previously provided to him by counsel for IBM.
The Court finds that the plaintiff's history was already provided. While ordinarily such a question by an examining physician would be appropriate, the Court finds that in this case it was not because of the legal effects. It appears to the Court that the defendant was attempting to use the doctor to cross examine the plaintiff regarding a legal matter which has no place in a medical examination. The excuse that the doctor had not read the medical reports provided to him is not an acceptable excuse to try to impeach the credibility of the plaintiff on a legal matter. Such questions are more properly asked by counsel in interrogatories or by way of deposition, not by a doctor purportedly meeting the plaintiff for a physical examination.
Furthermore, there was no reason to discontinue the physical examination. The doctor could have looked at the records provided for the answer to his question.
Accordingly, the defendant's motions are denied. The plaintiff's objections are sustained.
The parties are ordered to have the exam within the New London Judicial District at a mutually convenient time and place. CT Page 7144
D. Michael Hurley Judge Trial Referee